**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHERYL LEAR,

   Plaintiff,

              Case No. 3:17-cv-240-J-34MCR

vs.

ASTRAZENECA PHARMACEUTICALS LP,
et al.,

   Defendants.

‎             /

# O R D E R

  **THIS CAUSE** is before the Court <u>sua sponte</u>.  On March 2, 2017, Plaintiff Cheryl Lear initiated this action by filing a Complaint (Doc. 1) against Defendants AstraZeneca Pharmaceuticals LP, Wyeth Pharmaceuticals, Inc., and Pfizer, Inc.  In the Complaint, Lear asserted that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 "because the amount in controversy as to the Plaintiff exceeds $75,000, exclusive of interest and costs, and because Defendants are incorporated and have their principal place of business in states other than the state in which the named Plaintiff resides."  <u>See id.</u> ¶ 1.  However, upon review of the Complaint, the Court found that Lear failed to allege sufficient information for the Court to determine the citizenship of certain defendants.  <u>See</u> Order (Doc. 2) at 2-5.  Moreover, Lear appeared to refer to defendants in the body of the Complaint that were not listed in the caption, such that it was unclear which specific entities Lear intended to include as defendants in this case.  <u>Id.</u> at 2, 4.  Accordingly, the Court entered an Order (Doc. 2) identifying these defects and directing Plaintiff to file an amended complaint specifically identifying the defendants and properly alleging their citizenship.

See id. at 5.  In accordance with the Court's Order, Plaintiff filed an Amended Complaint (Doc. 4) on March 23, 2017.

In the Amended Complaint, Plaintiff clarifies the entities that are Defendants in this action, and adds seven additional Defendants.  See Amended Complaint at 1, 5-12.  In addition, she correctly identifies her own citizenship, as well as the citizenship of nine of the ten Defendants named.  However, Plaintiff fails to correctly allege the citizenship of Defendant Takeda Pharmaceuticals LLC.  See Amended Complaint ¶ 49.  Plaintiff alleges that "Takeda Pharmaceuticals, LLC is a Delaware limited liability company owned by Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals USA, Inc. and Abbot Endocrine Inc."  Id.  Plaintiff goes on to allege the state of incorporation and principal place of business of the three "owners" of Takeda Pharamceuticals LLC.  Id.  The problem with these allegations, however, is that, as previously explained, the citizenship of a limited liability company is determined by the citizenship of its members.  See Order at 2-3 (citing Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987)).  The Court acknowledges that the terms "owner" and "member" are often used synonymously with respect to limited liability companies.  See, e.g., Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Nonetheless, these terms are not always interchangeable.

2

Here, Plaintiff alleged that Takeda Pharmaceuticals LLC is a Delaware limited liability company.  See Amended Complaint ¶ 9.  Under Delaware law, "one can have an ownership interest in a limited liability company without being a member."  See Taylor v. Nationstar Mortg., LLC, No. 1:15-CV-4403-AT-LTW, 2016 WL 6662734, at *2 (N.D. Ga. July 29, 2016) rejected, in part, but adopted in pertinent part by 2016 WL 7131593, at *1 (N.D. Ga. Aug. 22, 2016); Del. Code Ann. tit. 6, § 18-704 (explaining the circumstances in which the assignee of a limited liability company interest can become a member); Del. Code Ann. tit. 6, § 18-702(b)(1) ("(b) Unless otherwise provided in a limited liability company agreement: (1) An assignment of a limited liability company interest does not entitle the assignee to become or to exercise any rights or powers of a member."); Del. Code. Ann. tit. 6, § 18-101(8) ("'Limited liability company interest' means a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets."); see also Busch v. Lee Enters., Inc., 2009 WL 5126799, at *1 (S.D. Ill. Dec. 21, 2009) (finding citizenship allegations pertaining to a Delaware limited liability company were insufficient where plaintiffs alleged that defendant LLC was "entirely owned" by a corporation, and the citizenship of that corporation, but failed to allege whether the corporation was the sole member of the LLC); Ferrara v. Munro, No. 3:16-CV-950(CSH), 2016 WL 6892073, at *3 (D. Conn. Nov. 22, 2016) ("Plaintiffs have alleged that [individual] is the 'owner, operator, and alter ego' of [defendant LLC].  If that means that [individual] is the sole member of that limited liability company, Plaintiffs must specify that fact.").

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of

subject matter jurisdiction[,]" see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 319 (3d Cir. 2010), the Court will afford Plaintiff another opportunity to provide the Court with sufficient information to establish Defendant Takeda Pharmaceuticals LLC's citizenship and this Court's diversity jurisdiction over the instant action.[1]

> **ORDERED**:

Plaintiff Cheryl Lear shall have up to and including **April 10, 2017,** to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action.

> **DONE AND ORDERED** in Jacksonville, Florida, this 27th day of March, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., __ F.3d __, 2017 WL 816224, at *1-2 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., __ F.3d ___, 2017 WL 1046103, at *2, *7 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").